UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST SERIES 2015-1, c/o Rosenberg & Associates, LLC 8601 Westwood Center Drive, Suite 255 Vienna, Virginia 22182<br><br>      Plaintiff,<br><br>v.<br><br>WILLIAM H. BRAMMER, JR., 107 7th Street, SE Washington, D.C. 20003<br><br>      Defendant. | Case No.: |

## VERIFIED COMPLAINT FOR JUDICIAL FORECLOSURE

Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as trustee of the Residential Credit Opportunities Trust Series 2015-1, by and through counsel, Kenneth R. Savitz, Esq., Mark D. Meyer, Esq., and Rosenberg & Associates, LLC, files this Verified Complaint for Judicial Foreclosure as to the improved real property commonly known as 107 7th Street, SE, Washington, D.C. 20003, and respectfully represents unto this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a Federal Savings Bank with its principal place of business in the State of Delaware. Plaintiff is the holder and beneficiary, respectively, of that certain February 6, 2007 Adjustable Rate Note in the original principal amount of $840,000.00 (the "Note"), that

Deed of Trust recorded amongst the Land Records of the District of Columbia on July 9, 2008, as Instrument No. 2008074285 (the "DOT"), and that Loan Modification Agreement recorded amongst the Land Records of the District of Columbia on April 21, 2016, as Instrument No. 2016039297 (the "Modification"), which are secured by the improved real property commonly known as 107 7th Street, SE, Washington, D.C. 20003 (the "Property") and more particularly described as:

> All that certain property situated in City of Washington in the County of District of Columbia and State of DC and being described in a Deed dated 06/01/2005 and recorded 07/07/2005 as Instrument Number 93636 among the Land Records of the County and State set forth above and referenced as follows:
>
> Lot Numbered 0104 in Square Numbered 0870 in a Subdivision made by John R. Ferris as per plat recorded in Liber 44 at Folio 117 in the Office of the Surveyor for the District of Columbia.
>
> Currently known for taxation purposes as Square 0870, Lot 0104.

2. Defendant is an adult resident of the District of Columbia, the record owner of the Property, and a grantor under the DOT and Modification.

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a) as the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as the Defendant resides in the District of Columbia and the Property is situated in the District of Columbia.

## ALLEGATIONS

5. On or about March 17, 2003, Defendant and Heili Kim acquired a fee simple interest in the Property pursuant to that Deed recorded amongst the Land Records of the District of Columbia on March 20, 2003, as Instrument No. 2003032534. *See Deed attached hereto as Exhibit A.*

6. Following a series of refinance transactions and on February 6, 2007, Defendant and then co-owner Heili Kim ("Kim") obtained a loan from American Partners Bank in the amount of $840,000.00 and executed the Note evidencing the indebtedness. *See Note attached hereto as Exhibit B.*

7. In connection with the Note, Defendant and Kim executed the DOT securing the Note by the Property, and on July 9, 2008, American Partners Bank recorded, or caused to be recorded, the DOT amongst the Land Records of the District of Columbia as Instrument No. 2008074285. *See DOT attached hereto as Exhibit C.*

8. In or about the same time, Defendant and Kim defaulted under the terms of the Note and DOT by failing to remit monthly payments as required.

9. Following the resolution of two bankruptcy actions and as a result of the continuing default, Plaintiff's predecessor in interest instituted an action for judicial foreclosure in the Superior Court of the District of Columbia in a case styled, *U.S. Bank, National Association, as Indenture Trustee to Castle Peak 2012-1 Loan Trust Mortgage Backed Notes, Series 2012-1 v. Brammer, et al.* (Case No.: 2013 CA 005708 R(RP)) (the "Prior Action").

10. On December 10, 2013, Defendant removed the Prior Action to this Court (Case No.: 1:13-cv-01965).

11. In or about July, 2015, Plaintiff acquired the Note and DOT.

12. Plaintiff is the current holder of the Note and beneficiary under the DOT, with full rights to enforce the same.

13. On October 16, 2015, this Court entered an Order substituting Plaintiff in the Prior Action and further referred the case to mediation.

14. Following successful mediation, the parties advised the Court of settlement, and on February 17, 2016, the Court entered a Provisional Order Dismissing [the Prior Action] Due to Settlement.

15. To facilitate the parties' settlement, Kim transferred her ownership interest in the Property to Defendant through that Deed recorded amongst the Land Records of the District of Columbia on April 21, 2016, as Instrument No. 2016039296. *See Deed attached hereto as Exhibit D.*

16. Further, Plaintiff and Defendant executed the Modification recorded amongst the Land Records of the District of Columbia on April 21, 2016, as Instrument No. 2016039297. *See Modification attached hereto as Exhibit E.*

17. The Modification fully incorporated the terms of the DOT and was further supplemented through merger of Plaintiff and Defendant's separate Settlement and Confidentiality Agreement. *Ex. E at ¶ 8.*

18. Following the Modification, Defendant sent purported monthly payment checks to Plaintiff, but Defendant's bank refused to honor the checks.

19. Plaintiff, through its loan servicer and counsel, immediately notified Defendant and his counsel, respectively, of the dishonored checks. *See Payment Rejection Notice(s) attached hereto as Exhibit F.*

20. In accordance with the DOT and Modification and on May 16, 2016, Plaintiff caused to be mailed a letter to Defendant and his counsel notifying them of the default due outstanding monthly payments, requesting Defendant cure the default, providing Defendant a date of not less than thirty (30) days by which to cure the default, and informing Defendant of

Plaintiff's intent to accelerate the Modification should Defendant fail to cure the default. *See May 16, 2016 letter attached hereto as Exhibit G.*

21. Thereafter, Defendant submitted to Plaintiff funds sufficient to satisfy two (2) monthly payments periods.

22. In an effort to avoid unnecessary litigation, Plaintiff caused to be mailed a new letter in accordance with the DOT and Modification and provided Defendant with additional time until July 5, 2016 by which to cure the default in full. *See May 27, 2016 letter attached hereto as Exhibit H.*

23. Despite the additionally-provided time, Defendant has only submitted partial payment thereby failing to cure the default, and pursuant to the terms of the Note, DOT and Modification, Plaintiff accelerated the Note.

24. Pursuant to the terms of the Note, DOT and Modification, Plaintiff is entitled to recover all costs of collection, including reasonable attorney's fees.

25. The default is ongoing, and as of August 16, 2016, there remains a total balance of $1,534,063.31 due and owing to Plaintiff.

## COUNT I
## JUDICIAL FORECLOSURE

26. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 25 as if stated herein and alleges further:

27. Defendant executed the Note and the DOT securing the underlying loan against the Property. *Ex. B & C.*

28. Defendant further executed the Modification, thereby modifying the terms of the Note and DOT. *Ex. E.*

29. In or about May, 2016, Defendant defaulted under the terms of the Modification.

5

30.     On May 16, 2016 and May 27, 2016, Plaintiff requested that Defendant cure the default. *Ex. G & H.*

31.     Defendant failed to cure the default within the time allotted, and the underlying loan was accelerated.

32.     As of August 16, 2016, there remains a balance of $1,534,063.31 due and owing to Plaintiff.

33.     Pursuant to D.C. Code § 42-816, the Modification and the parties' Settlement and Confidentiality Agreement, this Court has authority to order and decree that the Property be sold.

34.     Further, this Court has the authority to enter any order which it deems proper to accomplish a foreclosure in equity.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and order:

    A.    That Defendant is deemed to be in default under the terms of the Note and DOT; and

    B.    That Plaintiff's counsel shall be appointed as Trustees with authority to sell the Property at public auction following mailed notice of the time, place, manner, deposit and terms of sale to all interested parties and publication once a week for a period of four (4) weeks in a daily newspaper of general circulation in the District of Columbia; and

    C.    That the Trustees shall have authority to enter into a contract for sale of the Property with the highest bidder, convey the Property to the highest bidder, and file a Verified Report of Sale with this Court within thirty (30) days of the public auction; and

    D.    That Plaintiff be awarded its costs of collection, including attorney's fees and costs; and

    E.    That the Trustees shall be entitled to an appropriate commission, in accordance with the terms of the DOT and Modification; and

    F.    Granting Plaintiff such other and further relief as is deemed appropriate.

## VERIFICATION

I solemnly affirm under the penalties of perjury that I have authority to sign on the Plaintiff's behalf and that the contents of the foregoing Verified Complaint for Judicial Foreclosure are true to the best of my knowledge, information, and belief.

Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as trustee of the Residential Credit Opportunities Trust Series 2015-1

By: _____

Title: Ron McMahon, CEO

Sworn to and subscribed before me this 16th day of August, 2016.

MICHELLE ELIFF
Commission # 2062738
Notary Public - California
Los Angeles County
My Comm. Expires Apr 25, 2018

_____
Notary Public

My commission expires 4-25-18

Respectfully submitted,

ROSENBERG & ASSOCIATES, LLC

/s/ Kenneth R. Savitz
Kenneth R. Savitz, Esq. (Bar No.: 983167)

/s/ Mark D. Meyer
Mark D. Meyer (Bar No.: 475552)
ROSENBERG & ASSOCIATES, LLC
8601 Westwood Center Drive, Suite 255
Vienna, VA 22182
Telephone: 301.907.8000
Facsimile: 301.907.8101